UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELINDA BRELSFORD,

       Plaintiff,

                                   Case No. 06-13628

v.

U.S. FOODSERVICE, INC., JOE                     Hon. John Corbett O'Meara
FIORDILINO, SCOTT SIMPSON,
and MARK BUTWILL,

       Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING
## IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Before the court is Defendants U.S. Foodservice, Inc., Scott Simpson, and Mark

Butwill's motion for summary judgment, filed August 15, 2007, and Defendant Joe Fiordilino's

motion for summary judgment, filed July 11, 2007. Both motions have been fully briefed. The

court heard oral argument on September 27, 2007. For the reasons discussed in this opinion,

Fiordilino's motion is granted. The motion of the remaining defendants is granted in part and

denied in part.

## BACKGROUND FACTS

Plaintiff Melinda Brelsford was a sales representative for U.S. Foodservice. Her job was

to sell food products to restaurants. Scott Simpson was her direct supervisor; Mark Butwill was

Simpson's supervisor.

On March 17, 2005, Plaintiff complained to Simpson and human resources that she was

being sexually harassed by one of her customers, Defendant Joe Fiordilino. Fiordilino was the

chef for Volare restaurant. For purposes of this motion, the parties do not appear to dispute that

Fiordilino harassed Plaintiff. Within three business days of receiving Plaintiff's complaint, U.S. Foodservice removed Plaintiff from the Volare account so she would no longer have contact with Fiordilino. U.S. Foodservice compensated Plaintiff for the loss in commissions for five months, which it claims was the normal procedure after an account change.

Before that five months expired, on May 19, 2007, Plaintiff left her employment at U.S. Foodservice to work at a jewelry company. Plaintiff is now suing Defendants for sexual harassment and retaliation under both the Elliott-Larsen Civil Rights Act and Title VII. The court will address the substance of the Title VII claims only, because it will decline to exercise supplemental jurisdiction over Plaintiff's Elliott-Larsen claims, as discussed below.

## LAW AND ANALYSIS

### I.    Standard of Review

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party opposing summary judgment, however, must present more than a "mere scintilla" of evidence; the evidence must be such that a reasonable jury could find in favor of the plaintiff. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### II.    The Individual Defendants's Liability under Title VII

Defendants Scott Simpson and Mark Butwill seek summary judgment because Title VII does not provide for individual supervisor liability. Indeed, the Sixth Circuit has held that "[a]n

examination of the statutory scheme and remedial provisions of Title VII, convinces us that Congress did not intend to provide for individual employee/supervisor liability under Title VII." Wathen v. General Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997).  The court will dismiss Plaintiff's claims against both Simpson and Butwill.

For the same reason, the court will dismiss Plaintiff's claims against Fiordilino. Fiordilino is not an "employer" (or Plaintiff's employer) under Title VII and is, therefore, not subject to liability.  Plaintiff asserts that Fiordilino is liable because he represented Plaintiff's largest account and she was financially dependent on him.  As a result, Fiordilino was in a position to "interfere" with her employment relationship such that Title VII liability should attach.  The cases Plaintiff cites for this proposition are inapposite.  See, e.g., Christopher v. Strouder Memorial Hosp., 936 F.2d 870 (6th Cir. 1991).  In Christopher, the plaintiff was a nurse who claimed that the defendant hospital retaliated against her by denying her staff privileges. Despite the fact that the nurse did not have an employer-employee relationship with the hospital, she was allowed to sue the hospital under Title VII because it was in a position to "interfere with the plaintiff's employment opportunities" in a way similar to unions and employment agencies, both of which are explicitly covered by the Act.

In this case, Fiordilino was one of Plaintiff's customers and was not in a position to interfere with her employment opportunities in the same way as a union, employment agency, or a hospital that denies staff privileges.  The court will grant Fiordilino's motion for summary judgment.

Plaintiff requests permission to amend her complaint to add a Title VII claim against Fiordilino's employer, Volare, and an intentional infliction of emotional distress claim against

Fiordilino. The court denies this request for several reasons. First, given the court's scheduling order, it is too late in the litigation to add a new party or claims.[1] Second, Plaintiff's amendment as to Volare would be futile. Plaintiff has no legal basis for a Title VII claim against Volare, which was not her employer. Nor, as discussed above, does the "interference" theory apply. Third, the court is not inclined to exercise supplemental jurisdiction over state claims such as intentional infliction of emotional distress against Fiordilino after the dismissal of the federal claim against him.

### III.  U.S. Foodservice's Liability under Title VII

#### A.  Sexual Harassment

U.S. Foodservice asserts that it is not liable for Fiordilino's harassment of Plaintiff because it took immediate corrective action as soon as Plaintiff complained. "Employers are liable for the actions of non-employees only when they knew or should have known of the offensive behavior and failed to take immediate and appropriate action." Giliatta v. Tectum, Inc., 211 F. Supp. 2d 992, 1002 (S.D. Ohio 2002) (citing 29 C.F.R. 1604.11(e)).

Unfortunately for U.S. Foodservice, Plaintiff testified that she did tell her direct supervisor, Scott Simpson, about Fiordilino's harassment well prior to the time she made the formal complaint to human resources. Simpson did not attempt to rectify the situation or report Plaintiff's complaint further up the chain of command. Defendant points out that Plaintiff's testimony is vague regarding what exactly she told Simpson and when. However, viewing the facts in the light most favorable to Plaintiff, as the court is obligated to do, the evidence suggests

---

[1] Discovery closed on July 5, 2007; the final pretrial conference is scheduled for October 31.

that Plaintiff complained to Simpson and nothing was done prior to the time she took her complaint to human resources.

Significantly, Defendant does not argue that Plaintiff's conversations with Simpson were insufficient to give the company notice of Fiordilino's harassment. Rather, Defendant attacks Plaintiff's testimony as not credible. It is clear, however, that the court is not able to weigh the credibility of the parties at this stage of the proceedings. Accordingly, the court will deny Defendant's motion for summary judgment with respect to Plaintiff's Title VII sexual harassment claim.

**B.    Retaliation**

Plaintiff also claims that U.S. Foodservice retaliated against her for her sexual harassment complaint. According to Plaintiff, U.S. Foodservice punished her by taking away her largest account, Volare. Plaintiff also claims that she was "written up" for failing to make sales goals thereafter.

In order to show retaliation under Title VII, Plaintiff must demonstrate that she engaged in an activity protected by Title VII, the defendant knew she engaged in protected activity, she suffered an adverse employment action, and there is a causal connection between the protective activity and the adverse employment action. Morris v. Oldham County Fiscal Court, 201 F.3d 784, 793 (6th Cir. 2000). U.S. Foodservice argues that Plaintiff did not suffer an adverse employment action. U.S. Foodservice states that it removed Plaintiff from the Volare account so that she would not be subject to further sexual harassment. Defendant continued to keep Plaintiff's pay the same for a period of five months. Before that five months expired, Plaintiff left to work for a jewelry company.

Plaintiff asserts that Volare was her largest account and that she did not feel she could make up for the loss by cultivating new accounts. At least one court has found that the removal of a salesperson from a lucrative account was an adverse employment action for retaliation purposes. See Hyland v. Xerox Corp., 380 F. Supp. 2d 705 (D. Md. 2005). Based on this authority, the court will assume that Plaintiff can demonstrate a prima facie case of retaliation.

U.S. Foodservice has provided a nondiscriminatory reason for removing her from the Volare account: so that Plaintiff would not be subjected to harassment from her main contact there, Fiordilino. Plaintiff must then show "that the proffered reason was not the true reason for the employment decision." Morris, 201 F.3d at 793. Plaintiff does not have evidence of pretext here. The evidence suggests that U.S. Foodservice removed Plaintiff from the account stop the sexual harassment, not to punish her. Although U.S. Foodservice might have attempted to handle this in a different manner, there is no evidence that the reason for its decision was pretextual. Accordingly, the court will grant U.S. Foodservice's motion for summary judgment on Plaintiff's Title VII retaliation claim.

## C.    Constructive Discharge

In connection with her retaliation claim, Plaintiff also asserts that her removal from the Volare account and subsequent "write ups" resulted in her constructive discharge. In order to show constructive discharge, Plaintiff must show that (1) the employer deliberately created intolerable working conditions, as perceived by a reasonable person, and (2) the employer did so with the intention of forcing the employee to quit. Logan v. Denny's, Inc., 259 F.3d 558, 568 (6th Cir. 2000).

Viewing the totality of the circumstances, Plaintiff cannot show that U.S. Foodservice

deliberately created intolerable working conditions with the intention of forcing her to quit. Plaintiff cannot show that she was removed from the Volare account for any reason other than to stop the sexual harassment, of which she complained. There is no evidence of any sort of campaign on U.S. Foodservice's part to force Plaintiff to quit. It was Plaintiff's job to obtain new accounts, whether she retained Volare or not; there is no evidence that her inability to do so was as a result of any action by U.S. Foodservice. Moreover, after Plaintiff was removed from the Volare account, she continued to work for another two months, which is inconsistent with intolerable working conditions. Further, the evidence suggests that Plaintiff was excited about her new position at the jewelry company and that she left voluntarily. Viewing the facts in the light most favorable to Plaintiff, no reasonable juror could find that Plaintiff was constructively discharged.

**IV.** **Supplemental Jurisdiction over State Claims**

Jurisdiction in this case is predicated on 28 U.S.C. § 1331. The parties do not assert that diversity jurisdiction exists. In light of the dismissal of most of Plaintiff's Title VII claims, with only the sexual harassment claim against U.S. Foodservice remaining, the court declines to exercise supplemental jurisdiction over Plaintiff's Elliott-Larsen Act claims. See 28 U.S.C. § 1367(c); United Mine Workers v. Gibbs, 383 U.S. 715 (1966); Padilla v. City of Saginaw, 867 F. Supp. 1309 (E.D. Mich. 1994).

**ORDER**

IT IS HEREBY ORDERED that Defendant Fiordilino's July 11, 2007 motion for summary judgment is GRANTED with respect to Plaintiff's Title VII claims.

IT IS FURTHER ORDERED that Defendants U.S. Foodservice, Scott Simpson, and

Mark Butwill's motion for summary judgment is GRANTED IN PART and DENIED IN PART, with respect to Plaintiff's Title VII claims, consistent with this opinion and order.

IT IS FURTHER ORDERED that the court declines to exercise supplemental jurisdiction over Plaintiff's state claims and that those claims are DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's request to amend her complaint is DENIED.


s/John Corbett O'Meara
United States District Judge


Dated: October 02, 2007


I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 3, 2007, by electronic and/or ordinary mail.


s/William Barkholz
Case Manager